WDS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ANGEL JOSE CELPA and
GLORIMAR GARCIA,

              Defendants.

- - - - - - - - - - - - - - - - -X

**M-10-1179**

C O M P L A I N T

(T. 31 U.S.C. § 5332)

EASTERN DISTRICT OF NEW YORK, SS:

      SYLVETTE REYNOSO, being duly sworn, deposes and states that she is a Special Agent with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

      Upon information and belief, on or about October 9, 2010, within the Eastern District of New York, the defendants ANGEL JOSE CELPA and GLORIMAR GARCIA did knowingly and with the intent to evade the currency reporting requirements under Title 31, United States Code, Sections 5316(a)(1)(A) and 5316(b), conceal more than $10,000 in currency and other monetary instruments, to wit, approximately $93,802 in United States currency, on their person and in articles of luggage and other containers, and transport and transfer and attempt to transport and transfer such currency and monetary instruments

2

from a place within the United States to a place outside of the United States.

(Title 31, United States Code, Sections 5332; Title 18, United States Code, Sections 2 and 3551 et seq.)

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. Your deponent has been with ICE for approximately 2 years. I am familiar with the facts contained in this affidavit as a result of my participation in the investigation of the bulk cash smuggling discussed in this affidavit, which includes, but is not limited to, my review of the file and conversations with other law enforcement personnel assisting with the investigation.

2. On or about October 9, 2010, the defendants ANGEL JOSE CELPA and GLORIMAR GARCIA, both United States citizens, attempted to board JetBlue Airlines flight 831 bound for Santiago, Dominican Republic, departing from John F. Kennedy International Airport in Queens, New York. As the defendants proceeded along the jetway, both were selected for an enforcement examination. Officers from Customs and Border Protection ("CBP") informed the defendants ANGEL JOSE CELPA and GLORIMAR GARCIA, who were traveling together, of the currency reporting regulations,

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest the defendants, I have not included details of every aspect of this investigation.

and presented customs forms for the defendants to read. The defendant ANGEL JOSE CELPA was presented with CBP Publication 503 in English. The defendant GLORIMAR GARCIA was presented with CBP Publication 503 in Spanish.

3. After defendant ANGEL JOSE CELPA finished reviewing the customs form, CBP officers asked him to declare all of the currency that he was transporting for himself and for any other person. CBP officers also informed the defendant ANGEL JOSE CELPA that he was required to declare all currency that he was carrying in checked luggage and carry-on luggage, whether in the form of cash, checks, money orders or other negotiable instruments. The defendant ANGEL JOSE CELPA then, in the presence of CBP officers, stated that he was carrying $3200 in United States currency. CELPA then wrote $3200 on the CBP Publication 503 form and signed his name. CBP officers asked the defendant ANGEL JOSE CELPA to provide the $3200 for verification, and he presented them with $3500.

4. CBP officers then conducted an examination of the defendant ANGEL JOSE CELPA's carry-on luggage, which revealed $39,000 in United States currency concealed in envelopes inside the pocket of a pair of shorts. A further search of the defendant ANGEL JOSE CELPA's luggage and person revealed that he was carrying a total of $62,640 in United States currency.

5. After CBP officers explained the currency reporting requirements to the defendant GLORIMAR GARCIA in both

English and in Spanish, CBP officers asked her to declare all of the currency that she was transporting for herself and for any other person. CBP officers also informed the defendant that she was required to declare all currency that the defendant was carrying in checked luggage and carry-on luggage, whether in the form of cash, checks, money orders or other negotiable instruments. The defendant GLORIMAR GARCIA then, in the presence of CBP officers, stated that she was carrying $10,000 in United States currency. GARCIA then wrote $10,000 on the Spanish-language CBP Publication 503 form and signed her name.

   6. The defendant GLORIMAR GARCIA was then escorted to a private area for verification. CBP officers asked GARCIA to provide the $10,000 for verification, and GARCIA presented an envelope from her carry-on luggage that contained $20,000 in United States currency. CBP officers then conducted an examination of the defendant GLORIMAR GARCIA's person and luggage, which revealed that GARCIA was carrying a total of $31,162 in United States currency. The bank envelopes presented by GARCIA appeared to match those carried by the defendant ANGEL JOSE CELPA.

   7. The defendant GLORIMAR GARCIA was advised of her Miranda rights in Spanish, which she indicated she understood and agreed to waive. GARCIA then stated, in substance and in part, that the money she was carrying was hers, and that she had been saving it from her job as a house cleaner. GARCIA stated that

5

she was carrying the money in her luggage because she planned to buy property in the Dominican Republic. The defendant GLORIMAR GARCIA indicated that she was traveling with the defendant ANGEL JOSE CELPA, whom she stated she has known for over ten years.

8. The defendants ANGEL JOSE CELPA and GLORIMAR GARCIA were placed under arrest.

WHEREFORE, your deponent respectfully requests that the defendants ANGEL JOSE CELPA and GLORIMAR GARCIA be dealt with according to law.

_____
SYLVETTE REYNOSO
Special Agent
Immigration and Customs
Enforcement

Sworn to before me this
10th day of October, 2010